THE STATE *ex rel.* CLARKSON v. THE ST. LOUIS COURT OF APPEALS.

**Divorce:** APPEAL TO ST. LOUIS COURT OF APPEALS: ALIMONY. An appeal from a decree in a divorce suit to the St. Louis court of appeals invests that court with the jurisdiction to hear and determine the cause solely on the record and it has no authority to make an allowance against the respondent in favor of the appellant for the payment of her attorney's fees and expenses of prosecuting her appeal.

*Prohibition.*

88 135
99 222

88 135
37a 210

88 135
63a 412

88 135
66a 471

88 135
s99 216
76a 294

88 135
85a 225

88 135
87a 227

88 135
100a 29

The State ex rel. v. The St. Louis Court of Appeals.

WRIT AWARDED.

*C. P. & J. D. Johnson* and *Geo. D. Reynolds* for relator.

(1) The court of appeals is an appellate tribunal only and has no original jurisdiction to allow alimony *pendente lite.* Constitution, art. 6 ; 80 Mo. 470 ; 49 Mo. 381 ; *Kamp v. Kamp,* 59 N. Y. 212 ; *Eskenbrack v. Eskenbrack,* 96 N. Y. 456 ; *Wood v. Wood,* 7 Lansing (N. Y.) 204 ; *McIntyre v. McIntyre,* 80 Mo. 470, and cases cited ; *Winston v. Winston,* 31 Hun. (N. Y.) 290. (2) The circuit court, in which the cause was tried, heard and determined the matter of alimony and allowance of counsel fees ; its action thereon has not been appealed from, and is not before this court for review. (3) The amount asked by appellant is exorbitant and beyond all reason, both with respect to the circumstances of the respondent and the services.

*Lodge & Tally* and *Taylor & Pollard* for respondent.

(1) Revised Statutes, section 2179, confers the power on the appellate court to allow the alimony. (2) Under the common law the power exists. Bishop on Mar. & Div., secs. 384 and 387. (3) That the circuit court, after the appeal has been allowed, has no further authority to make an order or render a judgment in the case, has been repeatedly decided and is now the undoubted law of this state. *Ladd v. Cousins,* 35 Mo. 515 ; *Stewart v. Stringer,* 41 Mo. 404 ; *State ex rel. v. Sutterfield,* 54 Mo. 394 ; *Oberketter v. Luebebering,* 4 Mo. App. 481 ; *Exchange Bank v. Allen,* 68 Mo. 474.

NORTON, J.—James L. Clarkson, the relator, brought his suit for divorce against his wife in the Iron county

·circuit court, alleging as a ground for divorce such indignities as rendered his condition intolerable. The ·cause was transferred to the circuit court of the city of St. Louis where, on the twenty-sixth day of April, 1885, the circuit court made an order that plaintiff pay defendant in said suit, or to her attorneys, two hundred and fifty dollars for attorney's fees, and also that defendant pay the wife forty dollars per month till further· order of that court. On June 14, 1885, a decree was entered granting plaintiff a divorce, but awarding to the wife the custody of the children and sixty-five dollars per month for their support, and adjudging the costs against plaintiff. No other order for alimony or allowance was ever made. From this final decree the wife appealed to the court of appeals, where, during the pendency of her appeal, she asked that court for an allowance for attorneys' fees and for expenses of prose⁻ cuting her appeal. When that court having signified its intention to grant the request prayed for, the plaintiff sued out in this court his writ prohibiting the court of appeals from making the order.

The only question before this court is, whether the St. Louis court of appeals has jurisdiction to make an order on the husband in a divorce suit, pending an appeal in that court, to pay the wife the costs, and ·counsel fees necessary for the prosecution of her appeal, in a case where the husband was awarded a decree of divorce in the court below. The St. Louis court of appeals has original jurisdiction to issue writs of *habeas corpus*, *quo warranto*, *mandamus*, *certiorari*, and other original remedial writs, and to hear and determine the same, and also has a superintending control over all inferior courts of record in the counties embraced within its territorial jurisdiction. Sec. 2, art. 6, of the Constitution. Besides the original jurisdiction thus conferred its jurisdiction is appellate only. It is clear that the power to make such an order, as we are asked to prohibit

the court from making and enforcing, is not included in the exercise of its original jurisdiction, and we think it is equally clear that it is not included in the exercise of its appellate jurisdiction. The appeal from the decree in the divorce suit invested the St. Louis court of appeals with jurisdiction to hear and determine the cause solely upon the record as made up in the circuit court, and to affirm, or modify, or reverse the judgment and remand the cause, or to render such judgment as in its opinion the circuit court ought to have rendered.

By section 2179 the circuit court was fully empowered "to decree alimony pending the suit for divorce * * * and enforce such order in the manner provided by law in other cases;" and we doubt not but that the circuit court in granting an appeal to defendant in the divorce suit, could upon a proper showing have made an order requiring the husband to pay her such reasonable sum as in the judgment of the court would enable her to prosecute her appeal. We have in several instances, when the circuit court had failed to allow the wife temporary alimony to prosecute her appeal, refused to entertain motions asking us to make such allowance, holding that to do so would be exercising power not possessed by us either by virtue of our original or appellate jurisdiction. The writ of prohibition for these reasons will be and is hereby awarded as prayed for. All concur.