W. W. White, Respondent, v. St. Louis & San Francisco Railroad Company, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. Negligence—Railroads—Damages—Evidence.—Evidence that the defendant's train was running at a speed of about twenty miles an hour; that the plaintiff's cow went upon the track at a town crossing, in full view of the train, and while it was about thirty yards distant; and that no bell was rung or whistle sounded, or effort made to stop the train, until immediately before the cow was struck by the train, is sufficient to take the question of negligence to the jury.

2. ———— Practice.—The fact that there was no evidence that the ringing of the bell, the sounding of the whistle, or other efforts to avoid the injury which might have been made, would probably have averted the accident, will not justify the court in taking the case from the jury.

3. ———— Instructions.—The giving of an instruction that if the injury was the result of the defendant's actual negligence, and that if the defendant's servants discovered the danger in time to avoid the injury, and that if it could have been avoided without imperiling the persons or property intrusted to the defendant for transportation, then the jury should find for the plaintiff, is not error for which the judgment should be reversed.

Appeal from the Laclede County Circuit Court, W. J. Wallace, Judge.

*Affirmed.*

John O'Day and E. D. Kenna, for the appellant: A railroad engineer is not bound to stop the train because a cow gets upon the track. *Railroad Co. v. Champ,* 75 Ill. 577; *Edson v. Ry. Co.,* 40 Iowa, 47. When animals come suddenly on the track, and there is no time to stop the train before it strikes them, the company is not liable. *Railroad Co. v. Wainscott,* 3 Bush. 149; *Railroad Co. v. Wren,* 43 Ill. 77; *Railroad Co. v. Bradfield,* 63 Ill. 220; *Holder v. Railroad Co.,* 10 Lea. (Tenn.) 176; *Rail-*

road Co. v. Bayliss, 74 Ala. 150 ; Railroad Co. v. Turner, 41 Ark. 161 ; Railroad v. Holland, 40 Ark. 336. No rate of speed is negligence per se. Railroad v. Field, 46 Miss. 574 ; Maher v. Railroad, 64 Mo. 267 ; Young v. Railroad, 79 Mo. 336 ; Powell v. Railroad, 76 Mo. 80. A railroad company is only required to use ordinary care and diligence to prevent injury to live stock on its track. McPheeters v. Railroad, 45 Mo. 25 ; Maynard v. Railroad, 115 Mass. 460 ; Railroad v. Holland, 40 Ark. 336; Railroad v. Champ, 75 Ill. 578; Burton v. Railroad, 4 Harrington, 252; Railroad v. Jarrett, 59 Miss. 470; Railroad v. Jones, 59 Miss. 467.

NIXON & MOORE, for the respondent: The instruction complained of submitted to the jury the question of the actual negligence of the defendant, and was proper. Kendig v. Railroad, 79 Mo. 210 ; Wallace v. Railroad, 74 Mo. 594.

THOMPSON, J., delivered the opinion of the court.

This action was originally brought before a justice of the peace, for damages for negligently running over and killing the plaintiff's cow by a passenger train of the defendant, near a street crossing within the corporate limits of the town of Lebanon. It is to be borne in mind that the action is not for double damages under the statute for failing to fence, but that it is predicated upon the negligence of the servants of the defendant in charge of the train in running over the cow after the cow got upon the track. The plaintiff had a verdict and judgment.

Two points only are made by the appellant. (1) That the court erred at the conclusion of the evidence, in refusing an instruction in the nature of a demurrer to the evidence. (2) That the court erred in giving the instruction requested by the plaintiff.

I. The evidence, stated most strongly in favor of the plaintiff, as it must be when considering the propriety of an instruction in the nature of a demurrer

thereto, tended to show that the defendant's passenger train was coming in on an up grade at the rate of from twenty to twenty-five miles an hour, with a full head of steam on; that the plaintiff's cow walked along a public street of the town toward the railroad track, at such a pace that when within two or three rods of the track thus approaching it, she could have been seen by persons on defendant's engine, then distant two or three hundred yards; that the cow, continuing to walk toward the track, finally got upon it, the defendant's engine then being about thirty yards from her; that the cow then stopped from three to five seconds, and then, instead of starting off the track, turned and started to run along the track from the approaching engine; that when she thus turned, the engine was distant from her about twenty feet; that the bell of the engine was not ringing, that the engine did not whistle an alarm until immediately before striking the cow, when two puffs were sounded. One of the plaintiff's witnesses, who saw the accident, testified that the speed of the train was not slackened until the cow was struck. Another testified that the speed was not checked until twenty or thirty feet from where the cow was struck. The last witness added: "Standing where I was, looking at the train, I could tell when the brake was first put on." It is scarcely necessary to say that although the testimony given for the defendant contradicted that given for the plaintiff, and tended fully to exonerate the defendant from blame, yet on such an instruction as we are considering, we are at liberty to regard only such testimony as bears in favor of the plaintiff.

Upon this evidence, the question is certainly a very close one whether the case ought to have gone to the jury. The question was whether the engineer used such precautions as might have been used in the exercise of reasonable care, under the circumstances. Juries have to decide questions of this kind very largely upon a consideration of physical facts connected

with the running of railway trains, which are familiar to all men of common observation. So looking upon it, it seems to have been a fair inquiry for the jury, whether if the engineer had been keeping a proper lookout, he would not have seen the cow near the track and approaching it at the crossing, while the engine was yet two or three hundred yards distant from that point; and, if so, whether the ringing of the bell or the sounding of the steam whistle would not have frightened the animal so as to prevent her from going upon the track. If so, the company may have been guilty of negligence in failing to exercise such preventive measures as it reasonably might, although the cow may have been seen *on the track* in time to avoid the injury. *Kendig v. Railroad*, 79 Mo. 208, 210.

It may, also, have been a fair inquiry for the jury whether after the cow got upon the track and stopped there the engine being yet about thirty yards, or ninety feet, from her, an immediate sounding of the whistle or letting out steam from the valves, accompanied by an immediate effort by means of the air brakes to check the speed of the train, would not probably have prevented the accident. Of course, no one could say as a conclusion of fact, taking the evidence given by the plaintiff as true, that these precautions would have prevented the accident. But, clearly, they would have rendered the happening of it less probable ; and, in that light, the real question was, whether such reasonable precautions were used as might have been used.

The case of *Evans & Howard Fire Brick Company v. St. Louis Railroad Company* (16 Mo. App. 522), is not in conflict with this conclusion. In that case, the sole negligence shown consisted of the company's disregard of a legal regulation, and the judgment of this court was based upon decisions of the supreme court which declared such proof insufficient, unless connected with proof tending to show that such disregard was the cause of the accident.

II. The other question is whether the court erred

in giving the following instruction: "In behalf of plaintiff the court instructs the jury, that if they believe that the defendant company killed the cow of plaintiff, and that the killing of such cow was the result and consequence of actual negligence on the part of defendant company, and if they further find from the facts and circumstances in evidence that the agents of defendant company, in charge of the train, did discover the danger of injury to plaintiff's cow in time to have avoided the injury, and that they could have avoided the injury without imperiling the persons or property intrusted to it for transportation, the jury will find the issues for the plaintiff, and assess his damages at the value of the cow at time of killing her, not exceeding the amount claimed in the petition."

The objection made to this instruction is that it told the jury that they must find for the plaintiff if the agents of the defendant in charge of the train, after discovering the danger of injury to the cow, could have avoided the injury without imperiling the persons or property intrusted to it for transportation. The criticism is that the instruction, as thus framed, left out of view the element of reasonable care, and made the defendant responsible if, in any event, or with any effort, its servants in charge of the train could have averted the injury to the animal without imperiling the persons or property in their care. If this clause of the instruction stood alone, or disjoined from the preceding clause, which predicated the plaintiff's right to recover upon "actual negligence on the part of the defendant," we should say that the objection to it was well taken. But it is joined to the preceding clause by the conjunction "and," so that a fair reading of it required the jury, in order to find for the plaintiff, to find that the defendant was actually negligent, and also might have prevented the injury after discovering the danger to the animal without imperiling the persons or property intrusted to it for transportation. It is obvious that the draftsman had before him the opinion of Sherwood, C. J., in *Wallace v. St. Louis, Iron Mountain*

& *Southern Railroad Company* (74 Mo. 597), where he says: "The question in cases of this sort is whether, when the stock is discovered on the track, the company could, without imperiling the persons or property intrusted to it for transportation, avoid injury to the stock."

It seems to me that courts and counsel, in scrutinizing the instructions which are given in cases of this kind, refine too much, especially, in view of the fact that the submission of such a case to a jury, no matter what the evidence or the instructions may be, is, in almost every instance, tantamount to a verdict for the plaintiff. If the authors of judicial opinions, who indulge attenuated criticisms on the instructions given in such cases, could, at the same time, have before their eyes a mirror of what takes place in the jury room after such trials, and see how little regard juries pay to instructions which are not in their nature peremptory, they would understand how vain and useless such refinements really are in the practical administration of justice.

The judgment must be affirmed. It is so ordered. All the judges concur.