## BLANKENMIESTER, Appellant, v. BLANKEN-MIESTER, Respondent.

**St. Louis Court of Appeals, April 26, 1904.**

1. **MARRIAGE: Duress.** Where a man, arrested under the pro-
   visions of section 1844, Revised Statutes of 1899, marries the
   woman concerned in order to escape the penalty of that section,
   his action is voluntary in a legal sense and he can not after-
   wards, in an equitable proceeding, have the marriage annulled
   on the ground that he was coerced.

2. **PRACTICE: Suit Money: Circuit Court Must Allow.**  An allow-
   ance of suit money to cover the expenses of an appeal must be
   made by the circuit court, and the appellate court can not inter-
   fere.

Appeal from St. Louis City Circuit Court.—*Hon.
Franklin Ferriss*, Judge.

AFFIRMED.

*Thos. Morris* for respondent.

GOODE, J.—This proceeding is of an equitable nature and was instituted to obtain a decree annulling a contract of marriage between the parties. The relief sought is on an averment that plaintiff did not voluntarily enter into the marriage contract, but was coerced in the matter by threats of the defendant's father to prosecute him for a felony and have him imprisoned in the State penitentiary. The cause was heard below by a very careful and just judge. Many witnesses were put on the stand whose testimony is exceedingly contradictory. We have attentively studied the record and our judgment accords with that of the chancellor who tried the case, that the alleged duress was not proven. The plaintiff found himself in the predicament provided for by section 1844 of the Revised Statutes and was under arrest when the marriage occurred. Whether he married to extricate himself from his trouble or from preference, his action was voluntarily in a legal sense. We forbear to summarize the evidence for the reason that it is of a character to humiliate the litigants and their families. Giving it publicity would do no good, but only inflict pain and mortification on many persons. The propositions of law laid down by plaintiff's counsel in their excellent brief need not be gainsaid. The important question is exclusively one of fact; viz.: whether or not the plaintiff acted voluntarily or under duress when he married the defendant. Accepting the finding of the court below as to where the preponderance of the evidence on that issue rested, we affirm the judgment.

We are pressed by respondent's counsel to allow suit money for the prosecution of the appeal. In the circuit court suit money, or alimony pending the suit, was granted. After judgment and after the appeal had been granted, the respondent filed a motion to have it continued in order that it might extend through the hear-

ing of the appeal. This motion was dismissed by the circuit court and the proceedings on it are shown only by affidavits dehors the bill of exceptions. As the whole affair was transacted after judgment, the bill of exceptions does not contain it. It is held that an allowance of suit money to cover the expenses of an appeal must be made by the circuit court; so we can not interfere in this matter; which, in fact, is not before us. State ex rel. v. St. Louis Court of Appeals, 88 Mo. 135; State ex rel. v. Seddons, 93 Mo. 520; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216. *Bland, P. J.,* and *Reyburn, J.,* concur.