STATE ex rel. WILLIAM KRANKE, Relator, v. JOHN
   W. CALHOUN, Judge of the Circuit Court, City of
   St. Louis, and MARGUERITE KRANKE, Re-
   spondents.

St. Louis Court of Appeals. Opinion Filed January 4, 1921.

1. **COURTS: Decisions: Ruling of Supreme Court Conclusive on Courts of Appeals.** The last previous ruling of the Supreme Court on any question of law or equity is conclusive upon the Courts of Appeals by virtue of the constitutional mandate.

2. **DIVORCE: Alimony: Pending Appeal: Motion for Alimony and Suit Money: Filed During Term: After Appeal: Circuit Court Retains Jurisdiction to Determine Motion: Prohibition.** Where the wife has been granted a decree of divorce and the husband filed his affidavit for appeal and his appeal was allowed, and thereafter and during the same term of the circuit court the wife filed a motion for alimony *pendente lite* and suit money pending appeal, *held* that in an action for divorce, though an appeal from the judgment on the merits of the case divests the circuit court of any further jurisdiction therein, yet the circuit court retains jurisdiction "for limited purposes," namely, the matter of alimony *pendente lite* and suit money pending the appeal, which is a separate and distinct matter though embodied in the action for divorce and not affected by the appeal from the merits, and the circuit court had jurisdiction to hear and determine such motion for alimony *pendente lite* and suit money under section 2375, Revised Statutes 1909, even though filed after the appeal was allowed.

REYNOLDS, P. J., dissenting in part.

Prohibition.    Original Proceeding.

PRELIMINARY WRIT QUASHED. CERTIFIED TO SUPREME COURT.

*Greensfelder & Levi* and  *H. C. Whitehill* for  *relator.*

*John B. Reno* for respondent.

BECKER, J.—This is an original proceeding in prohibition seeking to restrain and enjoin the defendant Judge, in the case of Marguerite Kranke, plaintiff, v. William Kranke, defendant, an action for divorce, from proceeding to hear and determine plaintiff's motion for alimony *pendente lite* and suit money pending appeal, said motion having been filed by plaintiff in the trial court after an appeal had been taken by defendant in the cause from the judgment granting plaintiff a divorce, but during the same term at which the appeal had been allowed. A preliminary rule in prohibition has heretofore been issued in this case.

Relator's petition sets up that on January 2, 1920, a suit for divorce was filed by Marguerite Kranke as plaintiff and against William Kranke (relator herein) defendant; that said cause was in due course assigned for hearing to the division of the circuit court presided over by the respondent judge; that after a hearing of the cause the court granted a decree of divorce to the plaintiff, Marguerite Kranke, together with restoration of her maiden name and $125 per month alimony and an additional $200 for attorney's fees, and ordered the defendant to give bond to secure the same; that a motion for new trial filed by defendant was overruled on August 9, 1920, and that on August 12, 1920, during the same term of court, the defendant filed his affidavit for appeal and his appeal was allowed to the St. Louis Court of Appeals, and the defendant allowed until January 1, 1920, to file his bill of exceptions, and was further granted ten days after said June, 1920, term, of said circuit court to file an appeal bond in the sum of $2000; that on August 13, 1920, defendant's appeal bond was duly filed, presented and approved; that on September 20, 1920, at and during the same term of said circuit court, plaintiff, Marguerite Kranke, filed a motion for alimony *pendente lite* and suit money pending appeal, which said motion was duly placed upon the law docket

State ex rel. v. Calhoun et al.

of the said circuit court.  Said motion after the usual aver-
ments as to her obtaining the decree and the allowance
of the appeal to the defendant in the case, states "that she
is wholly destitute of means with which to support herself
during the pendency of this appeal; that the defendant's
income is in excess of $300 the month, and that he is
possessed of property of the value of $30,000, that said
income and said property are ample to enable defendant
to advance to this plaintiff such sum or sums as may be
necessary to enable her to support herself properly during
the pendency of said appeal, to pay the expenses incident
thereto, and to employ counsel to represent her in said
appeal."

"Wherefore plaintiff prays for an order of court
requiring defendant to pay her such sum or sums of
money as may be necessary to enable her to maintain
herself properly during the pendency of said appeal, to
employ counsel, and to defray any other expenses that
may be needed incident thereto.''

Relator's petition further states that thereafter on
October 8, 1920, he filed his motion to strike from the
files said motion of the plaintiff for alimony *pendente lite*
and suit money pending appeal, on the ground that the
circuit court was without jurisdiction to hear said
motion for the reason that it appeared from the face of
the record that the court is without jurisdiction and
that the sole jurisdiction of said cause was in the St.
Louis Court of Appeals; that on November 1, 1920, said
motion to strike from the files was overruled, and that
plaintiff's motion for alimony *pendente lite* and suit
money pending appeal has been regularly placed upon
the law docket of the said circuit court and has been set
for hearing on Friday, November 12, 1920.

Respondents for their return filed a demurrer set-
ting out that the relator's petition does not state facts
sufficient to constitute a cause of action in prohibition.

We have thus before us for determination the sole
question as to whether or not the circut court, in an
action for divorce in which the wife has been granted a
decree of divorce, and an appeal from said judgment

has been taken by the husband, has jurisdiction to hear and determine a motion for alimony *pendente lite* and suit money pending appeal filed during the term in which the decree of divorce has been granted the wife, but after an appeal has been allowed the husband. ·

The relator urges that our supreme court has decided that the circuit court is without jurisdiction and cites in support of this contention State ex rel. Gercke v. Seddon, 93 Mo. 520, 1. c. 522, 523, 6 S. W. 342, and State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135. It may be conceded that there is language used in each of the said cases to the effect contended for by relator. However in the later case of State ex rel. Dawson v. St Louis Court of Appeals, 99 Mo. 216, 1. c. 222, (State v. Rombauer, 12 S. W. 661) our supreme court, in the course of the opinion said:

"Now to determine whether the court of appeals may, in directing a decree of divorce, attach a condition that the plaintiff, being the husband, must first pay all arrears of alimony *pendente lite,* it is necessary to see whether the circuit court has that power. The circuit court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases. [R. S. 1879, Section 2179.] Under our ruling it is the only court which can make the order, *whether the case be pending in the circuit court or appellate court, though the order when made may be reviewed on appeal.* [State ex rel. v. Court of Appeals, 88 Mo. 135; State ex rel. v. Seddon, 93 Mo. 520.]"

We have carefully considered each of these cases, having in mind that the last previous ruling of our Supreme Court on any question of law or equity is conclusive upon the Courts of Appeal by virtue of the constitutional mandate, and have come to the conclusion that what was said in each of these cases germane to the question before us must be viewed in the light of *obiter*

*dicta,* thus leaving the question one that has not been directly ruled upon by our Supreme Court.

Section 2375, Revised Statutes of Missouri, 1909, relating to alimony and maintenance, among other things provides:

". . . the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the same manner provided by law in other cases."

The fundamental object as we interpret the language of section 2375, Revised Statutes of Missouri, 1909. is to provide the wife at all times while the suit for divorce is pending, a forum in which she may make her application for alimony and suit money, and have the same determined upon hearing upon its merits, thus assuring the wife, where need and the circumstances require, the necessary funds with which to conduct her case, whether she be plaintiff or defendant, appellant or respondent. In other words the Legislature evidently intended that the wife should at all times, so long as a suit for divorce is pending, be assured of an opportunity to prosecute or defend her case until final judgment in the matter is entered.

It has long since been definitely settled that the circuit court is the only court which can make an order allowing alimony pending the suit. [State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135; State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S. W. 342; State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. 216; State v. Rombauer, 12 S. W. 661.] Can it be said that when an appeal has been taken from the judgment of the circuit court upon the merits of the controversy involved in a divorce proceeding that the case is no longer pending? We think not. And when we consider the fact that an appeal from a decree in a divorce suit invests the appellate court solely with jurisdiction to hear and determine the cause upon the record as made

up in the circuit court, and that such appeal does not carry with it for review the action of the circuit court upon the allowance or disallowance of a motion for alimony and suit money pending an appeal, it seems plain to us that there remains in the circuit court jurisdiction to entertain a motion for allowance of alimony and suit money pending the appeal after the appeal has been taken from the judgment on the merits. This view is sustained by what has been said by our Supreme Court in a very recent opinion *en banc* in which it was directly held that in an action for divorce the allowance of suit money pending an appeal was a separate and distinct order after final judgment, from which a separate and distinct appeal will lie. [Arnold v. Arnold (Mo.), 222 S. W. 996, and see *section 2381, Revised Statutes of Missouri, 1909.*] And the view we entertain of the matter is in harmony with the fact that the matter of granting alimony and suit money pending appeal is an independent proceeding standing on its own merits as distinguished from the principal controversy, namely, the action for divorce. [Donaldson v. Donaldson (Mo. App.), 215 S. W. 904 and cases cited.]

Furthermore since an appeal, upon complying with the statutory requirements, is granted as a matter of course, it is readily apparent that in all cases of divorce in which the husband appeals from the judgment of the circuit court entered against him, by reason of the fact that no notice of the intention to take an appeal is required to be given the wife, she is deprived of the opportunity to avail herself of the right given her under section 2375 of the statute, namely, her allowance of alimony *pendente lite* and suit money pending the appeal though the need and circumstances of the case required it.

As stated in Bishop on Marriage and Divorce (6 Ed.), sec. 387, such a statute providing for "the allowance of alimony pending an appeal in founded both on justice and humanity. It is not an order involving the

merits of the controversy but a simple act of common right that the wife may not be starved into submission by having the family supplies and means of support withdrawn from her during the suit for a dissolution of the marriage.''

And as was well stated in Libbe v. Libbe, 166 Mo. App. 240, l. c. 243, 148 S. W. 460:

''Under this statute the original jurisdiction of the subject of alimony is lodged in the circuit court, (Libbe v. Libbe, 157 Mo. App. l. c. 709, 138 S. W. 685), and a motion for alimony *pendente lite,* filed in that court in a divorce proceeding, relates to a cause of action that is separate and distinct from the divorce action but is incidental thereto.''

And in line with what our Supreme Court held in Reed v. Bright, 232 Mo. 399, 134 S. W. 653, namely, that ''an appeal, *except for limited purposes,* divests the court of jurisdiction,'' (Italics ours) we are of the opinion and so hold that in an action for divorce, though an appeal from the judgment on the merits of the case divests the circuit court of any further jurisdiction therein, yet the circuit court retains jurisdiction ''for limited purposes,'' namely, the matter of alimony *pendente lite* and suit money pending the appeal, which is a separate and distinct matter though embodied in the action for divorce, but not affected by the appeal from the merits.

Inasmuch as the conclusion which we have arrived at is contrary to that of the Kansas City Court of Appeals as well as the *dicta* found in the two cases of our Supreme Court, supra, we shall briefly review the leading cases in this State which have discussed this question.

The St. Louis Court of Appeals in December, 1885, in the case of Clarkson v. Clarkson, in an opinion written by ROMBAUER, J., held that alimony *pendente lite* could be granted by an appellate court where the appellant wife did not have the means with which to prose-

cute her appeal, and the merits of the appeal were debatable. In that opinion the court said that the Court of Appeals "has heretofore repeatedly held that in default of the circuit court making provision by way of alimony for an appellant wife, it has power to make such provision as incident to its appellate jurisdiction. [Miller v. Miller, 14 Mo. App. 418; Dwyer v. Dwyer, 16 Mo. App. 422.]" Thereupon in February, 1886, the Kansas City Court of Appeals, in the case of Lewis v. Lewis, 20 Mo. App. l. c. 564, in an opinion written by PHILIPS, P. J., held, "we know of no authority in the circuit court, after appeal granted and perfected, and where the case is pending in the appellate court, to make such allowance. After the appeal, the circuit court has no such jurisdiction."

An examination of the briefs in the Lewis case, supra, shows that the Clarkson case, supra, was cited therein and it is but fair to infer that inasmuch as the St. Louis Court of Appeals in the Clarkson case had held that it had power to make provision, upon proper motion, for alimony for an appellant wife in an action for divorce as incident to its appellate jurisdiction, that such opinion was at least persuasive upon the Kansas City Court of Appeals when it had the Lewis case under consideration and therefore the more readily came to the conclusion that since the appellate court had jurisdiction under such circumstances the circuit court had none.

There is another circumstance to be noted when considering the Lewis case. When the plaintiff husband (Lewis case) was decreed a divorce by the circuit court the wife appealed to the Supreme Court. While the cause was pending there on appeal the wife made an application for alimony *pendente lite* and, to quote from the Lewis case, supra, l. c. 547, "after an elaborate argument on this application it was overruled by the Supreme Court." And as the opinion in the Lewis case

206 M. A.—20

adverting to this action of the Supreme Court upon the said motion for alimony *pendente lite* says, "we feel bound by the action of the Supreme Court in denying this application," it is plain that the Kansas City Court of Appeals construed the action of the Supreme Court as inferentially at least affirming the view that the appellate courts had jurisdiction in such matters pending the appeal.

However it is clear that the Kansas City Court of Appeals did not have before it the case of State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135, an original application for prohibition arising out of the case of Clarkson v. Clarkson, supra, in which the St. Louis Court of Appeals had held that it had jurisdiction to make an allowance in favor of an appellant wife for the payment of her attorney's fees and expenses of prosecuting her appeal, such motion being filed in the said appellate court after the appeal had been perfected from the judgment entered in the divorce case in the circuit court. The Supreme Court, in the said case of State ex rel. Clarkson v. St. Louis Court of Appeals, supra, prohibited the respondents therein from proceeding further in said case and in the course of the opinion (l. c. 138) said:

"By section 2179 the circuit court was fully empowered 'to decree alimony pending the suit for divorce . . . and enforce such order in the manner provided by law in other cases;' and we doubt not but that the circuit court in granting an appeal to defendant in the divorce suit, could upon a proper showing have made an order requiring the husband to pay her such reasonable sum as in the judgment of the court would enable her to prosecute her appeal. We have in several instances, when the circuit court had failed to allow the wife temporary alimony to prosecute her appeal, refused to entertain motions asking us to make such allowance, holding that to do so would be exercising power

not possessed by us either by virtue of our original or appellate jurisdiction.''

Thus the whole burden of supporting the rule that the circuit court is without jurisdiction in the matter before us ultimately rests upon the authority of the Lewis case, supra, written as it was under the peculiar circumstances above outlined. And the rule is stated therein without any discussion of the question in hand and without the citation of a single authority. The rule in the Lewis case has been followed in the Kansas City Court of Appeals in a recent opinion consisting of a single paragraph. [See Hartwig v. Hartwig, (Mo. App.), 142 S. W. 800.]

Our view that the circuit court is the only court that can make an order for alimony *pendente lite* and suit money pending an appeal, and that the circuit court has jurisdiction to make such an order whether the case be pending in the circuit or appellant court (State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. 216; State v. Rombauer, 12 S. W. 661), is amply sustained by the weight of authority in other jurisdictions.

Section 1769 of the New York Code of Civil Procedure provides:

''Where an action'' for divorce or for a separation ''is brought . . . the court may, in its discretion, *during the pendency thereof,* from time to time, make and modify an order or orders, requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties. . . .'' (Italics ours).

In the case of McBride v. McBride, 119 N. Y. 519, a case on all fours with the one before us, where the wife had sued for divorce and had received judgment awarding her alimony and the costs. The defendant appealed and procured a stay. Thereafter the plaintiff

filed her motion for an allowance *pendente lite* and for suit money pending the appeal. The court held:

". . . in this case although a judgment, final for the purposes of an appeal, is entered, the action is still pending. The jurisdiction over the parties remains through the further steps regularly taken and the action is in no sense or respect ended. By the terms of section 1769 of the Code, the allowance may be made 'from time to time,' 'during the pendency' of the action, and is described 'as necessary to enable the wife to carry on or defend the action.' That is one of the purposes to be subserved, and the need is quite as pressing and obvious after the judgment and pending the appeal as before. It could not have been contemplated that before judgment the wife should be aided in maintaining her rights but after judgment in her favor, should be left to starve during the pendency of an appeal and should be disarmed by her very success from defending the judgment in her favor.

"The suggestion that by granting the motion the defendant's stay or proceeding will be violated and impaired, and that if the judgment is affirmed he may, in effect, be compelled to pay the same amount twice over, have these answers, that the allowance sought is temporary and may be much less than the permanent alimony which has been stayed, and the court in the exercise of its discretion may and should require as a condition of the allowance, that the plaintiff stipulate that the sums allowed shall, in case of an affirmance of the judgment, be applied by her as payment *pro tanto* thereon."

The same question was before the Supreme Court of Washington in the case of Lewis v. Lewis, 145 Pac. 980, (1915) in the course of the opinion it is said:

"The principal question in the case is whether in a divorce action, after an appeal has been taken from the judgment of the superior court, that court has the power or jurisdiction to allow the wife attorney's fees, suit money and alimony pending the appeal.

"Lem and Bal Code, section 988, provides:

" 'Pending the action for divorce the court or judge thereof may make . . . such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. . . .'

"The order complained of here was entered after the appeal had been perfected. The allowance or disallowance of suit money, attorney's fees or alimony pending the appeal is not a part of the original judgment appealed from, neither is it a matter embraced therein. The wife could not in fact make the application until after the appeal had been taken because she could not have known that the husband intended to appeal from the judgment dismissing the action until the notice of appeal was served. We think under the sections of the code above referred to, that the superior court retained jurisdiction and power after the appeal for the purpose of determining the question of suit money, attorney's fees, or alimony pending the appeal.

"Our attention has not been called to the decision of any court holding that the trial court does not have jurisdiction after appeal has been perfected in a divorce action to make an allowance for suit money, attorney's fees or alimony pending the appeal, where the reviewing court is without jurisdiction, as in this State, to determine such matters. If there are such decisions, they have not been cited, nor has our investigation produced any."

In ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, the court said:

"The statute concerning divorces empowers the judge either in term time or vacation to allow a wife who has not sufficient income for her maintenance during the pendency of the suit for divorce, a sum for her support, until a final decree shall be made in the case. [Rev. Stat. Ark., 2986.] This is a power incidental to the jurisdiction over the suit for divorce in the exercise

of which it becomes the duty of the court to see to the proper support and maintenance of the wife, until it can be determined in the course of the proceedings whether or not she is to remain a wife. The full accomplishment of the purposes for which the power is granted requires that it last as long as the occasion for its exercise shall last (that is, during the pendency of the suit) ; and hence the final decree (that is, to put an end to the power) is that made in the case (not necessarily that made by the district judge or the district court). The decree of the trial court granting or denying the divorce may be the final decree of that court, but is not the final decree made in the case when an appeal is taken to another tribunal. So long as the appeal is pending the suit is pending, and the occasion specified in the statute for the allowance of alimony continues and it does not end until that decree is pronounced, which puts an end to the case. The nature of the power is such as to make it incompatible with the notion that jurisdiction can no longer be exercised after the district court has rendered a judgment for divorce and has adjourned although an appeal has been taken. The facts remain that the case is still pending, that no final decree has been made on it, and that the wife is still in need of the provisions as fully as she was before the judgment.''

In Reilly v. Reilly, 60 Cal. 624, the same question was before the court and it ruled that:

''The power over this matter is vested in the superior court even pending an appeal. The appeal does not take away the jurisdiction as the matter is not affected by the judgment appealed from.''

In the case of Rohrbach v. Rohrbach, 23 Atl. 610, (Maryland) the court held:

''The wife could not in fact make application for counsel fees and expenses incident to the appeal until after the appeal had been taken, because she could not have known in this case that the husband intended to appeal from the decree of the court below dismissing his

bill. And, although the appeal was taken, the court still had jurisdiction of the parties, and, having jurisdiction, it had the power to determine the question as to the right of the wife to an allowance for counsel fees and costs."

Section 2742, Revised Statutes, Idaho, provides that:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children or to prosecute or defend the action."

The Supreme Court of Idaho, with reference to said section, in the case of Roby v. Roby, 9 Idaho, says:

"We think the court referred to in section 2472 is the district court, in which such actions are originally commenced, and that it is the intention of our statute to give to the trial court jurisdiction to grant alimony and suit money so long as the action is pending whether in the trial court or upon appeal. The trial judge is in a better position than this court to know the amount of money necessary for the payment of costs and disbursements in the prosecution of an appeal and the ability of the husband to meet such requirements."

In light of what we have said herein we are of the opinion and so hold that the circuit court, in this action for divorce, has jurisdiction to hear and determine plaintiff's motion for alimony *pendente lite* and suit money pending appeal though said motion was filed by plaintiff in the said trial court after an appeal had been taken by the defendant in the cause, from the judgment granting plaintiff a divorce, but during the same term at which the appeal had been allowed.

It follows that our preliminary rule in prohibition heretofore issued should be and the same is hereby quashed. However, inasmuch as the conclusion we have herein arrived at is contrary to the decisions of the Kansas City Court of Appeals in Lewis v. Lewis, 20 Mo. App. 564, and Hartwig v. Hartwig, 142 S. W. 800, we

hereby certify and transfer this proceeding to the Supreme Court.

*Allen, J.,* concurs. *Reynolds, P. J.,* dissents to so much of the opinion as holds that what is said by our Supreme Court in the cases cited is *obiter* and not binding on us, but concurs in the certification of the cause to the Supreme Court.