EDNA G. SALYER, Respondent, v. ARTHUR G. SALYER, Appellant.

Springfield Court of Appeals, June 8, 1923.

1. **DIVORCE:** Alimony Pending Appeal. The petition alleged the financial standing of the parties and asked for alimony and a motion for temporary alimony was filed during the progress of the trial, but the evidence taken at the trial is not before us, but we are justified in assuming that evidence bearing on the question of the financial condition of the parties and the necessity of an allowance for the support of plaintiff and the expenses of the suit was heard by the court and this being true, it was not necessary that the court should require that the same evidence be reintroduced, or that other evidence be produced, in order to justify an allowance pending the appeal.

2. **MOTION FOR ALLOWANCE:** Jurisdiction of the Court. The failure of plaintiff to file a separate motion asking for an allowance of temporary alimony pending the appeal is not fatal to the jurisdiction of the court to make the order.

3. **APPEAL.** A separate appeal from an order allowing temporary alimony pending the appeal is allowable.

4. **ALLOWANCE OF ALIMONY IN DISCRETION OF THE COURT.** The allowance or refusal of alimony *pendente lite* is an incident to the divorce proceeding to be awarded or not in the sound discretion of the court.

Appeal from Barry County Circuit Court.—*Hon. Charles L. Henson,* Judge.

AFFIRMED.

*D. H. Kemp* for appellant.

(1) Alimony and attorney fees can be adjudged only as an incident to a decree for a divorce, and then only in favor of the wife when she is the prevailing party. Doyle v. Doyle, 26 Mo. 545, 549; McIntire v. McIntire, 80 Mo. 476, 472; Slaughter v. Slaughter, 106 Mo. App. 104. (2) The court after dismissing plaintiff's peti-

tion, and entering a judgment against her for costs, had no jurisdiction, to award her alimony and expenses of appeal. Dawson v. Dawson, 37 Mo. App. 270, 213; Watkins v. Watkins, 66 Mo. App. 468; Adams v. Adams, 49 Mo. 592, 596-7; Creasey v. Creasey, 175 Mo. App. 237, 243.

*J. S. Davis* for respondent.

(1) The trial court may award suit money for an appeal to the wife where she is plaintiff, although she is defeated, unless the appeal is without merit. Rosenfeld v. Rosenfeld, 63 Mo. App. 411; Mahn v. Mahn, 70 Mo. App. 337. And the fact that the trial court made the allowance is some evidence that the appeal is not devoid of merit. Rosenfeld v. Rosenfeld, supra, 413; Viertel v. Viertel, 99 Mo. App. 717. (2) It was after plaintiff had filed her motion for new trial and affidavit for appeal in due form and timely, the court made the order for alimony *pendente lite,* for suit money and attorneys' fees; this the court had a right to do; for at that time the cause was still pending. Watkins v. Watkins, 66 Mo. App. 471; Bishop on Mar. and Div., secs. 384, 387; State ex rel. v. Sedden, 93 Mo. 522; State ex rel. v. Court of Appeals, 88 Mo. 137; Dawson v. Dawson, 37 Mo. App. 207.

COX, P. J.—Plaintiff sued defendant for divorce. During the trial and before the taking of testimony was completed the plaintiff filed a motion asking for temporary alimony as suit money. At the close of the testimony the court allowed $100 to plaintiff's attorney as suit money. On the merits the court found against plaintiff and dismissed her bill. She then filed a motion for new trial which was overruled. This was followed by an affidavit for appeal by plaintiff, which appeal was granted and the court on the same day made an order allowing plaintiff $30 per month for support and also allowed the cost of transcript and cost of printing ab-

stract of record, docket fee and attorney's fee of $100 to enable her to prosecute her appeal. Defendant then filed motion to set aside the orders for temporary alimony which was overruled and he has appealed from the court's action thereon.

Plaintiff's appeal from the judgment against her on the merits in the divorce case has not yet been lodged in this court so the only matter now before us is the action of the trial court in allowing alimony *pendente lite* to plaintiff to enable her to prosecute her appeal and for support until the appeal would be determined. The evidence taken at the trial is not before us, hence we must assume that the appeal is not frivolous.

The only question remaining is as to the jurisdiction of the trial court to allow suit money to enable plaintiff to prosecute her appeal when she lost below and to adjudge support pending the appeal. The appeal undoubtedly suspended judgment of the court pending the appeal and for that reason no final judgment has yet been rendered in the divorce case on its merits. The right of the trial court to allow both suit money and support under such circumstances has been finally put to rest in this State. [State ex rel. v. Calhoun, 206 Mo. App. 298, 227 S. W. 1080; Same case by the Missouri Supreme Court, 232 S. W. 1038.]

Appellant insists however, that since no written motion asking an allowance of alimony pending the appeal was filed by the plaintiff, that the trial court was for that reason without jurisdiction to make the allowance and also stresses the point that no evidence was heard by the court on the question of the allowance of temporary alimony pending the appeal. On this latter question it is noted that plaintiff in her petition alleged that she was without means and that defendant had means and asked for suit money, permanent alimony and all relief to which she might be entitled. Pending the trial and before the testimony was closed, she filed a motion asking for alimony *pendente lite* but no separate motion was filed asking for alimony pending the appeal. The order of the

court making the allowance to cover support and expenses pending the appeal was made on the same day the appeal was allowed and for the purposes of this appeal we shall regard all the orders of the court as being made at the same time though since they were all made during the same term, we do not regard the fact that they were entered simultaneously as material. Since the petition alleged the financial standing of the parties and asked for alimony and a motion for temporary alimony was filed during the progress of the trial and the evidence taken at the trial is not before us, we are justified in assuming that evidence bearing on the question of the financial condition of the parties and the necessity of an allowance for the support of plaintiff and the expenses of the suit was heard by the court. That being true, it was not necessary that the court should require that the same evidence be re-introduced or that other evidence be produced in order to justify an allowance pending the appeal. [Rosenfeld v. Rosenfeld, 63 Mo. App. 411.]

Appellant's motion to set aside this order does not allege nor did he offer to show that he was unable to make the payments required by the order but confines his motion to an attack upon the authority and jurisdiction of the court to make the order.

We are also of the opinion that the failure of plaintiff to file a separate motion asking for an allowance of temporary alimony pending the appeal is not fatal to the jurisdiction of the court to make the order. The statute gives the court jurisdiction to make the order and does this without specifying the necessity of a formal motion asking for it. The statute, section 1806, Revised Statutes 1919, provides that after alimony has been allowed, alterations may be made from time to time on the application of either party. This provision would seem to require that to secure a change is an order already made, a formal application therefor should be filed by the party asking for the change but as to alimony *pendente lite* it merely provides that " . . . and the court may decree alimony pending the suit for divorce in all cases

where the same would be just whether the wife be plaintiff or defendant . . .'' This language is very broad and places the matter of alimony *pendente lite* in the sound discretion of the court based on the justice of the matter as the situation may develop in the proceedings before him. We do not find that this specific question has been directly passed upon in this State but we do find that in two instances the Supreme Court has apparently recognized the authority and jurisdiction of the trial court to make such an allowance without written motion asking for it having been first filed.

In the case of State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S. W. 342, plaintiff, the wife, obtained a decree for divorce and $6000 permanent alimony in gross and $175 for attorney's fees. Defendant appealed. In the order granting the appeal the court embodied an order directing that defendant pay plaintiff as alimony pending his appeal $35 per month during the pendency of the appeal. From this order defendant attempted to appeal separately from the judgment against him for divorce and permanent alimony in gross. The trial court refused to grant an appeal from the order allowing plaintiff temporary alimony pending the appeal. Defendant sued out mandamus to compel the allowance of the appeal as to that matter, which was granted. The Supreme Court held that a separate appeal from the order allowing temporary alimony pending the appeal was allowable. In discussing the question the court held that the trial court had jurisdiction to make the order. As far as appears from the record recited in the opinion there was no motion filed in that case asking for temporary alimony pending the appeal. The trial court, apparently upon its own motion, incorporated that order in the order granting the appeal. The basis of the trial court's jurisdiction to make the allowance is not discussed but if the jurisdiction of the court to make the order depended upon a formal motion in writing asking for it being first filed by the wife it would seem that the Supreme Court would have called attention to that fact.

In the case of Arnold v. Arnold, — Mo. —, 222 S.
W. 996, 1001, the wife was plaintiff and did not ask ali-
mony *pendente lite* at the begining of the suit nor at any
time prior to the rendition of the judgment. The court
found in favor of plaintiff and in the decree awarded
permanent alimony and also. $1000 "to be paid to her
or to her attorneys for their services in this case." The
court held in that case that the trial court had jurisdic-
tion to allow suit money and that this allowance was a
matter to be determined upon the necessities of the wife
and that the question rested largely in the discretion of
the trial court. The item of $1000 attorneys' fees was
finally disallowed by the Supreme Court on the ground
that the plaintiff was able to employ her own counsel but
the jurisdiction of the trial court to make such an allow-
ance without a motion being filed asking for it is clearly
recognized. The attorney fee allowed in that case was
for services in the trial court. The allowance in the
Seddon case, supra, was an allowance pending the appeal
and the jurisdiction of the court to make each of these al-
lowances seems to have been accepted by the Supreme
Court without discussion.

The allowance or refusal of alimony *pendente lite*
is an incident to the divorce proceeding to be awarded
or not in the sound discretion of the court. The jurisdic-
tion of the court to act is based on the statute and the
service of process or the appearance of the parties in the
case and does not rest upon the filing of a formal motion
asking its allowance. We assume, of course, that a trial
court would be slow to order alimony *pendente lite* paid
unless it were asked for and the better practice would be
to make no order of that kind except upon a formal mo-
tion asking it or upon a request therefor in the petition
or answer of the wife, but the jurisdiction of the court to
make such an order does not rest upon a formal request
therefor by motion filed for that purpose. Plaintiff in
her petition in this case alleged that she was without
means to prosecute her suit and that plaintiff was pos-
sessed of property worth ten to twelve thousand dollars

and asked for permanent alimony, attorney's fees, and for all relief to which she might be entitled in the premises. While the evidence was being heard, plaintiff filed a motion asking for alimony *pendente lite.* The evidence heard at the trial is not before us and we must therefore resolve every reasonable inference in favor of upholding the action of the trial court. We cannot assume that he would so far forget his duty as to make an order allowing alimony pending the appeal without evidence having been previously presented at some stage of the proceedings which would warrant that action.

The judgment will be affirmed. *Farrington* and *Bradley, JJ.,* concur.