MARJORIE GLASS, APPELLANT, v. SPAULDING F. GLASS, RESPONDENT.—
39 S. W. (2d) 816.

St. Louis Court of Appeals. Opinion filed June 16, 1931.

*Harry A. Frank* for appellant.

*Allen, Moser & Marsalek* for respondent.

80

SUTTON, C.—This action grows out of a divorce proceeding. On June 25, 1928, the circuit court of the City of St. Louis entered a decree granting plaintiff a divorce from the defendant, and awarding her the custody of their minor child, Patricia Glass. On January 25, 1929, the court modified this decree. The decree, as modified, required defendant to pay plaintiff $80 per month for the support of the minor child. On January 27, 1930, defendant filed a motion to further modify the decree so as to reduce the amount defendant was required to pay for the support of the child. On February 8, 1930, during the February term of court, defendant's motion to further modify the decree was overruled by the court, and from the order overruling the motion, defendant, on April 5th, the last day of the February term, appealed to this court.

On April 15, 1930, during the April term of court, plaintiff filed her motion for the allowance of suit money and attorneys' fees, pending said appeal, after having given due notice to defendant of the filing of the motion. Upon the hearing of this motion, at said April term of court, plaintiff introduced in evidence defendant's motion to further modify the divorce decree, the order overruling said motion, and the order granting defendant an appeal from the order overruling said motion. Thereupon, the defendant objected to the introduction of any further evidence, on the ground that plaintiff's motion for alimony and suit money pending said appeal, was filed at a term subsequent to that at which the appeal was granted, and that the court was, therefore, without jurisdiction to entertain plaintiff's said motion for alimony and suit money pending said appeal. The court sustained this objection and overruled plaintiff's motion. From the order of the court overruling plaintiff's motion, plaintiff has appealed to this court.

Plaintiff's motion shows that the defendant's motion to further modify the divorce decree, was filed and overruled, and defendant's appeal taken, at the February term, 1930. The order overruling plain-

tiff's motion shows that it was overruled for the reason that the court was without jurisdiction to entertain the motion because it was filed at a term of court subsequent to that at which the appeal was allowed.

To uphold the ruling of the court below, defendant relies on State ex rel. Kranke v. Calhoun, 206 Mo. App. 298, 227 S. W. 1080. That case was transferred to the Supreme Court as being in conflict with an opinion of the Kansas City Court of Appeals, and the opinion of this court, which was written by Judge BECKER, was adopted as the opinion of the Supreme Court.

Defendant calls particular attention to the following language of the opinion as supporting his view, to-wit:

"In light of what we have said herein we are of the opinion and so hold that the circuit court, in this action for divorce, has jurisdiction to hear and determine plaintiff's motion for alimony *pendente lite* and suit money pending appeal though said motion was filed by plaintiff in the said trial court after an appeal had been taken by the defendant in the cause, from the judgment granting plaintiff a divorce, but during the same term at which the appeal had been allowed."

The purpose of this language obviously was merely to state the law as applicable to the particular facts of the case. The opinion clearly holds that the circuit court has jurisdiction to hear and determine a motion for alimony and suit money pending an appeal, though the motion is filed after the appeal is taken, but during the same term. It is equally clear that the opinion does not hold that the circuit court is without jurisdiction to hear and determine such a motion at a term subsequent to the term at which the appeal is granted. On the contrary, the reasoning of the opinion which led this court to the conclusion that the circuit court has jurisdiction to hear and determine such a motion during the term at which the appeal is granted, also leads inevitably to the conclusion that such court has jurisdiction to hear and determine such a motion at a subsequent term. This appears both from the language of the learned judge who wrote the opinion, and the quotations made, with evident approval, from the courts of other jurisdictions.

The opinion states the underlying principle, determinative of the question involved, as follows:

"Section 2375, Revised Statutes 1909, relating to alimony and maintenance, among other things provides:

" '. . . the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the same manner provided by law in other cases.'

"The fundamental object as we interpret the language of Section 2375, Revised Statutes 1909, is to provide the wife at all times while the suit for divorce is pending, a forum in which she may make her application for alimony and suit money, and have the same determined upon hearing upon its merits, thus assuring the wife,

where need and the circumstances require, the necessary funds with which to conduct her case, whether she be plaintiff or defendant, appellant or respondent. In other words the Legislature evidently intends that the wife should at all times, so long as a suit for divorce is pending be assured of an opportunity to prosecute or defend her case until final judgment in the matter is entered.

"It has long since been definitely settled that the circuit court is the only court which can make an order allowing alimony pending the suit. . . . Can it be said that when an appeal has been taken from the judgment of the circuit court upon the merits of the controversy involved in a divorce proceeding that the case is no longer pending. We think not. And when we consider the fact that an appeal from a decree in a divorce suit invests the appellate court solely with jurisdiction to hear and determine the cause upon the record as made up in the circuit court, and that such appeal does not carry with it for review the action of the circuit court upon the allowance or disallowance of a motion for alimony and suit money pending an appeal, it seems plain to us that there remains in the circuit court jurisdiction to entertain a motion for allowance of alimony and suit money pending the appeal after the appeal has been taken from the judgment on the merits. . . . And the view we entertain of the matter is in harmony with the fact that the matter of granting alimony and suit money pending appeal is an independent proceeding standing on its own merits as distinguished from the principal controversy, namely, the action for divorce. . . .

"And in line with what our Supreme Court held in Reed v. Bright, 232 Mo. 299, 134 S. W. 653, namely, that 'an appeal, except for limited purposes, divests the court of jurisdiction,' we are of the opinion and so hold that in an action for divorce, though an appeal from the judgment on the merits of the case divests the circuit court of any further jurisdiction therein, yet the circuit court retains jurisdiction 'for limited purposes,' namely, the matter of alimony *pendente lite* and suit money pending the appeal, which is a separate and distinct matter though embodied in the action for divorce, but not affected by the appeal from the merits."

The court then quotes from, among other cases, McBride v. McBride, 119 N. Y. 519, in which an allowance of alimony and suit money was made by the trial court after an appeal had been taken, as follows:

"By the terms of Section 1769 of the Code, the allowance may be made 'from time to time during the pendency' of the action, and is described 'as necessary to enable the wife to carry on or defend the action.' That is one of the purposes to be subserved, and the need is quite as pressing and obvious after the judgment and pending the appeal as before. It could not have been contemplated that before judgment the wife should be aided in maintaining her rights but after judgment in her favor, should be left to starve during the pendency

of an appeal and should be disarmed by her very success from defending the judgment in her favor.''

The court also quotes from Ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, as follows:

''So long as the appeal is pending the suit is pending, and the occasion specified in the statute for the allowance of alimony continues and it does not end until that decree is pronounced, which puts an end to the case. The nature of the power is such as to make it incompatible with the motion that jurisdiction can no longer be exercised after the district court has rendered a judgment for divorce *and has adjourned* although an appeal has been taken. The facts remain that the case is still pending, that no final decree has been made on it, and that the wife is still in need of the provisions as fully as she was before the judgment.'' (Italics ours.)

These excerpts from the opinion will suffice to show the theory upon which the opinion proceeds. Briefly stated, it is this:

The circuit court, from which the appeal is taken, is the only tribunal to which the wife may apply to obtain sustenance and suit money pending the appeal. The law intends that she shall have such sustenance and suit money at all times while the suit for divorce is pending, lest she be starved into submission. The need for sustenance and suit money is just as pressing after the appeal is taken as before. The wife may be just as effectually starved into submission pending the appeal as before the appeal is taken.

Now, is the need of the wife of the sustenance and suit money any more pressing before the adjournment of the term at which the appeal is taken than afterwards? We are unwilling to hold that the wife is to be starved into submission because she fails to make application for a suitable allowance at the term at which the appeal is taken.

We are of the opinion that the circuit court has jurisdiction to entertain the plaintiff's motion herein for alimony and suit money pending the appeal. [State ex rel. Kranke v. Calhoun, supra; Weisheyer v. Weisheyer (Mo. App.), 14 S. W. (2d) 486; State ex rel. Weisheyer v. Haid (Mo.), 26 S. W. (2d) 939; Welday v. Welday (Mo. App.), 232 S. W. 1045; Nolker v. Nolker (Mo.), 257 S. W. 798, 1. c. 807; Howey v. Howey (Mo. App.), 276 S. W. 84, 1. c. 85; Sayler v. Sayler (Mo. App.), 252 S. W. 467.]

Defendant makes further contention that, inasmuch as plaintiff did not file any motion for a new trial, the circuit court's action on her motion cannot be reviewed here. The contention is untenable. Virtually, the court's action, overruling the motion for want of jurisdiction to entertain it, amounts to nothing more nor less than a dismissal of the motion on that ground. There was no trial of the issues on the motion. On the contrary, the court refused to

84

entertain the motion for want of jurisdiction because of the filing of the motion at a term subsequent to the term at which the appeal was taken. This all appears from the record proper as well as from the bill of exceptions. A motion for a new trial is not essential to a review here of the action of the court. [State ex rel. Southern Nat. Bank of Kansas City v. Ellison, 266 Mo. 423, 181 S. W. 998; Arndt v. Arndt, 177 Mo. App. 420, l. c. 423, 163 S. W. 282; Calman v. Cox (Mo. App.), 296 S. W. 845; Kinnerk v. Smith (Mo. App.), decided at the present term.]

The commissioner recommends that the order of the circuit court denying plaintiff's motion for want of jurisdiction, be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON C., is adopted as the opinion of the court.

The order of the circuit court denying plaintiff's motion for want of jurisdiction is accordingly reversed, and the cause remanded. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.