ESTELLE A. LIBBE, Respondent, v. HERMAN H. LIBBE, Appellant.

Kansas City Court of Appeals, June 12, 1911.

ACTIONS: Suit for Maintenance of Child: Barred by Pending Divorce Suit. During the pendency of a divorce suit between her husband and herself, the wife brought an independent suit at law against her husband for expenses already incurred and defrayed by her in the maintenance of their minor child. Plaintiff grounded her action on the primary duty of the husband at common law to support his offspring. The issue litigated in the present case was actually litigated and determined in the divorce suit. *Held*, that the latter suit, during its pendency, was a bar to the maintenance of a later independent suit for a cause properly at issue in the divorce proceedings, since the statutes (sec. 2375, R. S. 1909 *et seq.*) provide for the determination in the divorce proceedings of all issues relating to the custody and support of the children *pendente lite*, and since section 1800, R. S. 1909, bars two actions for the same cause between the same parties at the same time.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

REVERSED.

*Allen, Gabbert, Mitchell & Martin* for appellant.

*Charles C. Crow* for respondent.

JOHNSON, J.—This is a suit at law prosecuted by a wife against her husband to recover expenses incurred by her in the support of their minor child. The petition alleges "that during the month of September, 1907, plaintiff and defendant separated and since said time have not lived together as husband and wife. Plaintiff further states that since said September, 1907, Evans Libbe, son of plaintiff and defendant, has lived and made his home with plaintiff; that during all said time from September, 1907, down to the present time, this plaintiff has supplied all the necessaries of life for Evans Libbe, including clothing of all kinds, provisions, a home, including room, beds, etc., medicines and medical attention, dental work, school books and all other necessaries of life, together with a few of the luxuries thereof, such as are ordinarily furnished a child of the age of said Evans Libbe in his station in life.

Plaintiff states that during all said time defendant has failed and refused and does now refuse to provide any of the necessaries of life for said Evans Libbe, his son, and has expressly refused on numerous occasions to provide said Evans Libbe with any of the necessaries of life and has refused to provide medicines and medical attention, school books or any other necessary for a boy of the age and condition of said Evans Libbe, his son. Plaintiff states that said Herman H. Libbe, the defendant herein, is amply able to provide all necessaries and luxuries for said Evans

Libbe; that said Herman H. Libbe has a large income and is worth a large sum of money.

Plaintiff states that Evans Libbe is fifteen years of age and that during all the time mentioned in this petition, his father has been indebted to him in the sum of ninety dollars, which sum he refuses to pay said Evans Libbe, so that said Evans Libbe could procure some of the necessaries of life.

Plaintiff states that she has from her own means, furnished all the necessaries as herein alleged and that the care and attention, necessaries, medical attention, medicines, school books, and other necessaries and luxuries are of the reasonable value of fifty dollars per month for two years, making a total sum of twelve hundred dollars.''

It will be observed the petition does not allege the pendency of a divorce suit in which each of the parties prays for a divorce and the custody of their child, nor does it allege that the expenses incurred by plaintiff in support of the child were advanced under contract with her husband to reimburse her, but the cause of action is based on the primary duty of the husband to support his child.

The facts of the case thus may be stated: After their separation defendant brought suit against plaintiff for a divorce and for the custody of their child who remained with plaintiff. Afterward on plaintiff's motion the court allowed her temporary alimony for the support of herself and child and also allowed suit money. A trial of the divorce suit resulted in a judgment granting the husband a divorce and the custody of the child. The wife appealed to this court and made application to the circuit court for alimony pending the appeal and for suit money. This application was denied and the wife failed to appeal from the order overruling her motion. Afterward and during the pendency of the divorce suit she commenced the present action. The court submitted the cause to a jury

and plaintiff recovered a verdict and judgment for $200 for the cost to her of the child's maintenance during the pendency of the divorce suit. Defendant appealed.

We have just announced our opinion in the divorce case in which we hold that neither party is entitled to a divorce and have remanded the cause with directions to the circuit court to enter judgment dismissing the petition and crossbill.

The record in the present case comes to us in such shape that we cannot consider the bill of exceptions, but the facts stated appear in the record proper and in our statement of facts in the divorce-case. Since the petition does not base the cause on contract, express or implied, but, on the contrary, alleges the refusal of defendant to acknowledge an obligation to support the child while it resided with plaintiff, we find no occasion for deciding the question of whether or not a wife, during coverture, may enforce a contract of such nature in a suit at law.

The precise question for our determination is whether or not a wife during the pendency of a divorce suit between her husband and herself may maintain an independent suit at law against her husband for expenses already incurred and defrayed by her in the maintenance of their minor child on the ground of the primary duty of the husband at common law to support his offspring.

The statutes (sec. 2375, Rev. Stat. 1909, *et seq.*), provide for the determination in the divorce proceeding of all issues relating to the custody and support of the children *pendente lite,* doubtless, "on the theory that the rights of the parties in a proceeding for divorce, as to the custody and support of the minor children of the marriage, can best be determined in connection with said proceeding upon a full consideration of the circumstances and situation of the parties, instead of leaving such rights open to further independent litigation." [Brown v. Smith, 33 Atl. 466

(R. I.); Shannon v. Shannon, 97 Mo. App. 119; In re Kohl, 82 Mo. App. 442; In re Delano, 37 Mo. App. 185; In re Zilly, 98 Wis. 428, 74 N. W. 126; Fulton v. Fulton, 52 O. St. 229, 39 N. E. Rep. 729; Ramsey v. Ramsey, 121 Ind. 215; Brown v. Brightman, 136 Mass. 187; Holt v. Holt, 42 Ark. 498, 23 N. E. 69; Harris v. Harris, 5 Kan. 46; Hampton v. Alee, 46 Kan. 461.]

The issue litigated in the present case not only properly belonged to the divorce proceeding but was actually litigated and determined therein. We must regard the divorce suit, during its pendency, as a bar to the maintenance of a later independent suit for a cause properly at issue in the divorce proceeding. Two actions for the same cause and between the same parties cannot be prosecuted in this state at the same time. [Sec. 1800, Rev. Stat. 1909.]

The judgment is reversed. All concur.