82

Virginia K. WONNEMAN (Plaintiff),
Respondent,

v.

Forrest A. WONNEMAN (Defendant),
Appellant.

No. 29797.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

Motion for Rehearing or to Transfer to
Supreme Court Denied Sept. 30, 1957.

J. W. Buffington, Mexico, for appellant.

Royle G. Clark, Robert C. Smith, Jr., Columbia, Latney Barnes, Mexico, Clark & Becker, Columbia, of counsel, for respondent.

ANDERSON, Judge.

This is an appeal by defendant, Forrest A. Wonneman, from an order sustaining the motion of plaintiff, Virginia K. Wonneman, for an allowance of attorneys' fees and suit money in connection with the appeal prosecuted by defendant from an order sustaining plaintiff's motion to modify a divorce decree by increasing the allowance

for the support of the three minor children of the parties, and overruling defendant's motion for an order granting him general custody of said children. The court allowed attorneys' fees in the amount of $750, the sum of $100 for the cost of printing a brief, and the expense of her attorneys.

An opinion in the principal proceeding is simultaneously handed down herewith. Wonneman v. Wonneman, Mo.App., 305 S. W.2d 71.

At the hearing on plaintiff's motion in the instant case it was stipulated that in deciding the issue raised by said motion the court should consider the evidence adduced in the principal proceeding, and that a transcript of said evidence should be taken as a part of the record in the case at bar, should an appeal be perfected by either party.

For his first point defendant argues that the allowance in question is, under all the facts and circumstances, excessive. Among the facts which defendant contends should be considered are that plaintiff received a $2,000 allowance for attorneys' fees in the original divorce proceeding, and an additional $500 allowance for her attorneys for legal services rendered in connection with the trial in the circuit court of her motion to modify the decree.

■ The matter of granting alimony and suit money pending appeal relates to a proceeding that is separate and distinct from the divorce action or any subsequent action to modify same. State ex rel. Kranke v. Calhoun, Mo.Sup., 232 S.W. 1038; Libbe v. Libbe, 157 Mo.App. 610, 138 S.W. 688; Reed v. Bright, 232 Mo. 399, 134 S.W. 653. Such being the case, the allowances heretofore made have no relevancy and should not be considered by the court in passing upon a motion for suit money and attorneys' fees pending appeal.

It is also urged that the allowance is excessive for the reason that it burdens defendant with fees to "multiple attorneys" when one would have sufficed.

The allowance in question was made to plaintiff and not to the attorneys. The court found that the sum of $750 "is a necessary and reasonable attorneys' fee for plaintiff on appeal." Whether the amount which the court found necessary for adequate representation is divided between two or more attorneys should be no concern of a defendant. The only legitimate complaint that he could have concerning such an allowance would be that the amount was unreasonable for the service rendered.

■ This brings us to the contention that the allowance is excessive in view of defendant's income. We must reject this contention in view of the evidence of defendant's net worth. If defendant wishes to engage in litigation with respect to matters connected with his divorce and incidents thereto he should be prepared to pay the expenses thereof which the law has cast upon him. He cannot escape that liability as long as he has sufficient means, either by way of income or property, out of which it can be satisfied. The amount of the allowance in such cases rests within the discretion of the trial court, to be disturbed only for abuse of such discretion. We find no abuse of discretion here.

Finally, it is argued that the motion was filed out of time necessitating additional unnecessary expense in procuring an additional transcript and brief to present the ruling to this court.

The record discloses that the hearing on the motion to modify was heard on June 5th and 6th, 1956. On June 28, 1956, the court rendered its judgment of modification. A motion for new trial was filed July 5, 1956. This motion was not ruled on by the court, so that it was, by operation of law, automatically overruled ninety days after the date of its filing. Defendant filed his notice of appeal on October 8, 1956. On December 21, 1956, defendant procured from the trial court an extension of the time within which to file his transcript on appeal to April 6, 1957. The transcript was filed February 12, 1957. The motion for the

allowance of suit money and attorneys' fees was filed by plaintiff on January 18, 1957, and the hearing on the motion was heard January 30, 1957.

There is no merit to the contention made. Under the decisions construing § 452.070 the circuit court has jurisdiction to determine a motion for suit money and attorneys' fees at all times while the action is pending. So long as the appeal is pending, the action is pending. Glass v. Glass, 226 Mo.App. 78, 39 S.W.2d 816. The circuit court has no jurisdiction to make the order prior to the appeal. Drennan v. Drennan, Mo.App., 104 S.W.2d 691.

The judgment appealed from is affirmed.

RUDDY, P. J., and MATTHES, J., concur.