Capitola Nadyne BRADSHAW, Respondent,

v.

Claude R. BRADSHAW, Appellant.

No. 22702.

Kansas City Court of Appeals.
Missouri.

Oct. 6, 1958.

Richard K. Phelps, Kansas City, for appellant.

Homer A. Cope and Donald W. Browne, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an appeal by defendant, Claude R. Bradshaw, from a judgment of the Circuit Court based upon defendant's motion to modify a decree of divorce.

On November 18, 1954, plaintiff, Capitola Nadyne Bradshaw, was granted a decree of divorce from defendant. Under the terms of that decree plaintiff was awarded custody of the minor son born of the marriage, then 13 years of age, and the sum of $50 per month for his support.

On March 22, 1956, plaintiff filed her motion asking that the decree be modified by increasing the allowance for child support. The grounds asserted in the motion were that the cost of care and maintenance of the child had increased and the sum of $50 per month was inadequate for his sup-

port, and that the earnings of the defendant had substantially increased.

Thereafter, and on May 11, 1956, plaintiff's motion to modify was taken up by the court and, after hearing the evidence, the court found that the decree previously entered on November 18, 1954, should be modified, and ordered that the defendant should pay to plaintiff the sum of $100 per month for the maintenance and support of the minor child.

After moving unsuccessfully for a new trial and failing to perfect an appeal from the ruling of the court of May 11, 1956, defendant on December 22, 1956, filed the motion to modify which is involved in the instant appeal. Evidence was heard on the motion on January 22, 1957, and on March 15, 1957, the court entered an order to the effect that the sum specified in the order of May 11, 1956, to-wit: $100, should be reduced to $75 per month. Claiming that the court did not give him all the relief he was entitled to, defendant appealed.

■ Although defendant's motion to modify alleged that there had been a change in conditions since the order of May 11, 1956, was made his proof related to his income for the year 1955, and for the entire calendar year of 1956. In plaintiff's motion filed March 22, 1956, and upon which the May 11, 1956, order was based, plaintiff alleged that due to the child's increased age, and to the fact that he was attending high school, the sum of $50 per month was not sufficient to properly maintain him. She further alleged that defendant was well established in the loan and bonding business; that his income was in excess of $1,000 per month; that he had placed approximately $12,000 into business investments within the past year, as a result of which defendant's monthly income was at least $500 more than at the time of the rendition of the original decree. Certainly those allegations afforded ample basis for the court's order of May 11, 1956, increasing the allowance for the support of the child to $100 per month. While the evidence presented at that hearing is not before us, it must be presumed that the court found every fact, within the issues, necessary in order to enter that order.

Defendant admits that he has not complied with the court's order of May 11, 1956. He testified that his failure to do so was not due solely to his "financial status" but because "she (plaintiff) has continuously refused to let me see the child or take the boy with me." Defendant claimed that his income had decreased because of illness, but he admitted that he was only away from his business for a period of one month, during which time his present wife ran his business. As we read the record defendant's real complaint seems to be that the amount provided for in the original decree ($50 per month) is too much. In his words, "you should support any child for around $40 per month."

Plaintiff testified that it cost approximately $130 per month to properly support her son. She exhibited to the court an itemized list of those expenses.

■■ It has been repeatedly held by the courts of this state that an appellate court should not disturb the findings and conclusions of the trial judge in a matter of this kind unless there has been a manifest abuse of judicial discretion by the trial judge. Rinkel v. Rinkel, Mo.App., 204 S.W.2d 451, 454, 455. Under the evidence disclosed in the transcript we would not be justified in holding that the trial court abused its discretion in not further reducing the amount awarded in its order of May 11, 1956. The judgment is affirmed. All concur.