**William R. ROYSTER, Plaintiff-Appellant,**

v.

**Carolyn S. ROYSTER, Defendant-Respondent.**

Nos. 24521, 24648, 24649.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Richard P. Sprinkle, Kansas City, A. V. McCalley, Richmond, for appellant.

David R. Smalley, Jerry Conkling, Kansas City, for respondent.

BROADDUS, Sprecial Commissioner.

On November 2, 1964, defendant was awarded a decree of divorce from plaintiff on her cross-bill. The decree awarded the custody of the parties' son, who was then a few months more than two years of age, and ordered plaintiff to pay $250 per month to defendant for the child's support.

A property settlement entered into between the parties was approved by the court and made a part of the decree. This settlement agreement provided that plaintiff pay to defendant the sum of $400 per month less amounts that might be earned by defendant at employment secured for her by plaintiff.

On September 26, 1965, defendant filed her "Motion to Enforce Decree." And on October 14, 1965, plaintiff filed a Motion to Dismiss. On the same day the parties stipulated that evidence be heard on Defendant's Motion. A three day hearing then followed and at the close of the evidence, plaintiff, by leave of court dismissed his Motion to Dismiss Defendant's Motion. Thereafter, on November 26, 1965, the court entered its order giving judgment to defendant on her Motion in the amount of $491.66, and awarding her attorneys' fees in the amount of $500, from which judgment plaintiff appealed. This is case Number 24521.

On January 5, 1966, defendant filed her Motion to Modify the child support provisions of the original divorce decree, and after a hearing of the issues on March 23, the court by its order of June 17, 1966, increased the child support payments by $25 per month and awarded defendant attorneys fees in the sum of $250, from which order plaintiff also appealed. This is case number 24648.

On May 19, 1966, defendant filed her motion for suit money to defend the first of plaintiff's appeals. After argument was heard on this motion, the court, on June 17, 1966, ordered plaintiff to pay defendant the sum of $250. Plaintiff also appealed from this order. This is case Number 24649.

Plaintiff's three appeals were consolidated for hearing by this Court's order of August 15, 1966.

Plaintiff-appellant first contends that the Circuit Court lacked "jurisdiction over the subject matter" because defendant's Motion to Enforce Divorce Decree was actually a claim based on a contract (the property settlement agreement) rather than an attempt to collect statutory alimony. Plaintiff points out that "this is not a situation where the wife is attempting to collect alimony which is in arrears." This is true. Neither is this a situation where the wife is seeking to modify a contractual provision for support in lieu of alimony and hence is foreclosed from attempt by North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061, and Alverson v. Alverson, 249 S.W.2d 472, Mo.App., both of which cases are cited by plaintiff in support of his contention, and both of which are inapplicable. Nor is this a situation where defendant has sought exe-

cution to collect arrearages in payments under an agreement for her support in lieu of alimony, hence entitling plaintiff to have that execution quashed under the doctrine of such cases as Chappell v. Nash, 399 S. W.2d 253, Mo.App., and Edmondson v. Edmondson, 242 S.W.2d 730, Mo.App., both of which cases are further cited by plaintiff in support of his position, but both are likewise wholly inapplicable.

This was, instead, an attempt by plaintiff to collect money wherein she moved "for judgment", in which she set forth "a short and plain statement of facts showing that (she) is entitled to relief," by specifying the paragraphs of the property settlement she relied upon; in which she plainly demanded judgment for the relief to which she deemed herself entitled, and in which, since recovery of money was demanded, she specifically stated the amount, all as required by Rule 55.06 Mo. Rules of Civil Procedure, V.A. M.R.

Additionally, our Rules provide that no technical forms of pleadings or motions are required and that pleadings shall be so construed as to do substantial justice. Rules 55.05 and 55.26.

Conceding that defendant's pleading filed September 22, 1965, may have been inartfully titled, or that her position might have been stronger had she brought an entirely separate suit, as plaintiff now suggests, plaintiff's recourse was a motion to dismiss.

Twenty-two days after defendant's pleading was filed plaintiff did file a motion to dismiss. But, having filed his motion, plaintiff then stipulated on the same day, October 14, that evidence be heard on Defendant's Motion, which it was, and six days later, on October 20, 1965, plaintiff, *with leave of court, dismissed his motion to dismiss defendant's motion.*

■ Having thus submitted himself and his evidence to the court, and having thus formally withdrawn his objections to, and having acquiesced in, the procedure followed by the court in determining the dispute, plaintiff has waived his objections and, as a consequence, plaintiff should not be permitted at this late date to complain that the court heard the evidence, determined the issues and entered the judgment. Where a party generally appears, defends on the merits, and explicitly withdraws his objections or challenges to the court's jurisdiction, it has always been the law of Missouri that a Circuit Court may render a general personal judgment against such party. Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92, 94.

■ Plaintiff next contends that the court erred in rendering its judgment on November 26, 1965, allowing defendant $500 for attorneys fees, and on June 17, 1966, allowing defendant $250 attorneys fees and $250 for suit money. Plaintiff does not contend that the amount of these awards was in any instance excessive, or constituted abuse of discretion by the trial court.

As to the allowance of $500 to defendant as attorneys' fees on November 26, 1965, plaintiff as we have stated, voluntarily submitted the dispute to the determination of the court, waived his objections to the court's proceeding to hear the evidence, find the facts and enter an order, and consequently he may not now raise the point.

■ As to the court's judgment of June 17, 1966, ordering that plaintiff pay $250 to defendant for attorneys fees and its order of the same date ordering plaintiff to pay defendant for suit money, the law is well settled in Missouri that "[a]llowances for counsel fees and suit money for the wife in a divorce action, and in proceedings ancillary thereto, are largely discretionary with the trial court; * * *". Copenhaver v. Copenhaver, 402 S.W.2d 612, Mo.App.; Wonneman v. Wonneman, 305 S.W.2d 82, 83, Mo.App.

■ Plaintiff asserts that these awards were not in accord with paragraph 10 of the property settlement agreement which provides:

"In the event from time to time (plaintiff) fails to make any of the payments re-

quired of him herein and (defendant) employs an attorney to collect, by suit or otherwise, such payment, and obtains judgment or otherwise effects collection thereof (plaintiff) will pay a reasonable fee for such attorney's services to (defendant)."

Defendant did comply with the two requirements specified in that paragraph. She did "employ an attorney" and did "obtain judgment." However, there is nothing whatsoever in paragraph 10 which at all implies that defendant's *exclusive* recourse for the payment of her attorneys fees is plaintiff's *promise* to pay them and that she therefore no longer has access to the courts.

■ Finally, plaintiff contends that the trial court erred in awarding defendant an increase of $25 per month for support of the child. Defendant testified that whereas she was not working in November, 1964, when the original decree was entered, she was now employed and could not care for the child and consequently had to take him to a nursery during working hours, which cost her $52 per month, that being an expense she did not have in November, 1964. Moreover, the little boy has now become badly in need of extensive dental care.

■ The increased expense of supporting a child caused by his growing up and requiring additional medical care, clothing and other expenditures, constitutes a sufficient change of conditions so that as said in Bettinger v. Bettinger, 355 S.W.2d 354, 359, Mo.App.:

" * * * it cannot be said that the trial court abused its discretion in decreeing modification. *That is the extent of our review in these matters.*" (Emphasis ours.)

■ In Bradshaw v. Bradshaw, 317 S.W.2d 21, this Court in affirming a trial court's modification of a child support decree said: "It has been repeatedly held by the courts of this state that an appellate court should not disturb the findings and conclusions of the trial judge in a matter of this kind unless there has been a manifest

abuse of judicial discretion by the trial judge."

The judgments should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgments are affirmed.