Elizabeth SCHEELE and Arthur Scheele,
Plaintiffs-Appellants,

v.

AMERICAN BAKERIES COMPANY, a Cor-
poration, and Anthony R. Ganss,
Defendants-Respondents.

No. 53028.

Supreme Court of Missouri,
Division No. 2.

April 8, 1968.

Motion for Rehearing or to Transfer to Court
En Banc Denied May 13, 1968.

Stewart & Bruntrager, Joseph G. Stewart, St. Louis, for appellants.

W. Munro Roberts, Jr., Heneghan & Roberts, St. Louis, for respondent, American Bakeries Co.; John B. Gray, Clayton, for respondent, Anthony R. Ganss.

RICHARD C. JENSEN, Special Judge.

This is an action brought against American Bakeries Company, Anthony R. Ganss and Bettendorf-Rapp, Inc. The petition is in two counts. Count I sought damages of $50,000 on behalf of Elizabeth Scheele for personal injuries and in Count II, Arthur Scheele sought damages of $7,500.00 for injuries to his wife. At the close of plaintiffs' case, the plaintiffs voluntarily dismissed as to defendant Bettendorf-Rapp, Inc. At the time of the submission of the case to the jury there were two defendants left, Ganss, the employee, and American Bakeries, the employer. The question of agency is not in this case as defendant American Bakeries admitted in its answer that at the time and place alleged in plaintiffs' petition, the defendant Ganss was their employee pushing the bread truck. Plaintiffs have appealed from a verdict and judgment for defendants.

In their appeal the plaintiffs are contending that the Trial Court erred in giving Instructions number 4 and 5, each conversing the same single element of verdict-directing Instruction number 3 and in giving Instructions number 8 and 9, each conversing the same single element of verdict-directing Instruction number 7. Plaintiffs' Instruction number 3, given at the request of Elizabeth Scheele, is as follows:

### INSTRUCTION NUMBER 3

"Your verdict must be for Plaintiff Bessie Scheele and against defendants, American Bakeries Company and Anthony Ganss, if you believe:

First, Anthony Ganss knew, or in the exercise of ordinary care, should have known of the presence of Plaintiff Bessie Scheele, and

Second, Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele, and

Third, Anthony Ganss was thereby negligent, and

Fourth, as a direct result of such negligence, Plaintiff sustained damage."

At the request of defendants, the Court gave Instructions number 4 and 5 in defense of Elizabeth Scheele's claim which follow:

### INSTRUCTION NUMBER 4

"Your verdict must be for Defendant American Bakeries Company on Plaintiff Bessie Scheele's claim for damages unless you believe that Defendant Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele."

### INSTRUCTION NUMBER 5

"Your verdict must be for Defendant Anthony Ganss on Plaintiff Bessie Scheele's claim for damages unless you believe that Defendant Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele."

Plaintiffs' Instruction number 7, given at the request of Arthur Scheele, is as follows:

## INSTRUCTION NUMBER 7

"Your verdict must be for Plaintiff Arthur Scheele and against defendants, American Bakeries Company and Anthony Ganss, if you believe:

First, Anthony Ganss knew, or in the exercise of ordinary care should have known, of the presence of Plaintiff Bessie Scheele, and

Second, Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele, and

Third, Anthony Ganss was thereby negligent, and

Fourth, as a direct result of such negligence, Plaintiff Arthur Scheele's wife Bessie was injured and Plaintiff thereby sustained injury."

At the request of the defendants, the Court gave Instructions number 8 and 9 in defense of Arthur Scheele's claim which follow:

## INSTRUCTION NUMBER 8

"Your verdict must be for Defendant American Bakeries Company on Plaintiff Arthur Scheele's claim for damages unless you believe that Defendant Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele."

## INSTRUCTION NUMBER 9

"Your verdict must be for Defendant Anthony Ganss on Plaintiff Arthur Scheele's claim for damages unless you believe that Defendant Anthony Ganss pushed the bread truck so as to strike Plaintiff Bessie Scheele."

Instructions number 4 and 5 both converse Instruction number 3 and Instructions number 8 and 9 both converse Instruction number 7, and the result is that two verdict-directing instructions were given on behalf of plaintiffs, one each on Count I and Count II and four converse instructions were given on behalf of the defendants. The jury, as directed in this case in Instructions number 3 and 7, could not return separate verdicts as to each defendant and could only find against both or neither of them.

■ Plaintiffs in prosecuting this appeal rely on the recent rulings of this Court in Nugent v. Hamilton & Son, Inc., Mo., 417 S.W.2d 939, and Murphy v. Land, Mo., 420 S.W.2d 505. The defendants urge that the rulings in the case of Murphy v. Land, supra, do not apply here for the reason that there was only one defendant in that case. We do not agree with the defendants' position in this regard since we cannot overlook the fact that there was no issue of agency in the present case. This Court held in Murphy v. Land, supra, wherein defendant gave two converse instructions in response to plaintiff's verdict-directing instructions submitting a single theory of recovery that the giving of two converse instructions was a violation of M.A.I. 29.01 and constituted error. In the case of Nugent v. Hamilton & Son, Inc., supra, the giving of more than one converse instruction in response to one plaintiff verdict-directing instruction was held to be error. In that case, there was an employee and employer relationship, both being the defendants as in the present case, and the question of agency was not submitted to the jury, just as was the situation here. Defendants rely on the general comment on converse instructions appearing at page 245 M.A.I. 29.01, "A defendant is entitled to a converse of plaintiffs' verdict-directing instruction," citing Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95. The opinion in the Frazier case holds, 276 S.W.2d 1. c. 102, "In approving a defendant's submission converse to a plaintiff's verdict directing instruction in civil cases, we have said that the defendant is entitled to a proper converse instruction." The quotation really says "the" defendant rather than "a" defendant. In any event, the first paragraph on page 245 does not mean that every defendant is entitled to a separate converse instruction of a plain-

tiff's verdict-directing instruction even though, as here, the basis of submission is joint liability.

■ Defendants further urge that they did not deviate from the straight and narrow path of M.A.I. so as to incur the burden of establishing nonprejudice and the plaintiffs herein have failed to sustain the burden of showing prejudicial error in the giving of said instructions. In ruling on his point, we must hold that it is the defendants' burden to prove that their instructions were not prejudicial and defendants cannot avoid this burden as was held in Murphy v. Land, supra, 420 S.W.2d 1. c. 507, "All deviations from the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of MAI are mandatory. The burden of establishing nonprejudice is on the proponent of the instruction." Defendants, proponents of the instructions, have not established that no prejudice resulted from the giving of the multiple converse instructions. We hold that the giving of two converse instructions to each of plaintiffs' verdict-directing instructions was a violation of M.A.I. and was prejudicially erroneous.

■ Defendants contend that any error in the instructions given at the request of either defendant woud be harmless for the reason that plaintiffs did not make a submissible case for the jury and their separate motions for a directed verdict should have been sustained. It is a well-established rule in our Appellate Courts that in determining whether a plaintiff has made out a factual issue for consideration by a jury we must view the evidence in the light most favorable to the plaintiff, giving plaintiff the benefit of all legitimate inferences to be drawn therefrom. Cech v. Mallinckrodt Chemical Co., 323 Mo. 601, 20 S.W.2d 509; Osterhaus v. Gladstone Hotel Corp., Mo., 344 S.W.2d 91. This requires that we review the evidence in the case.

Plaintiff Elizabeth Scheele, who was 77 years old, claims that she was injured while shopping in Bettendorf's Super Market when her left foot was struck by a bread rack or truck being pushed down the aisle and through the store by defendant Anthony Ganss. The store had opened at 8:00 A.M. on the morning in question and the accident occurred at about 8:30 A.M. The plaintiff, at the time of the accident, was standing at the meat counter facing the butcher who was cleaning off a butcher block, and she was waiting for him to finish this job before waiting on her. She had her pocketbook under her left arm and a customer's number in her right hand. At the time in question defendant Ganss was delivering bread into the store and was pushing the bread truck down the aisle in back of and to the rear of the plaintiff. Plaintiff did not see the bread truck before she was struck as she was facing the meat counter and the truck was in back of her. Her first knowledge of the presence of the bread truck was when her left foot was struck from the rear causing her to fall. At the time her left foot was struck she was caused to be turned and twisted around, and her back and shoulders hit the glass of the butcher counter causing her to slip down on the floor. Immediately after she fell and was twisted around, she saw the bread truck and the defendant Ganss right in front of her. This bread truck is described by defendant Ganss as follows: It has four uprights of round pipe at each corner and wire trays that are welded into the pipes. The four pipes or tubings extend downward to approximately one foot from the floor. There were ten trays on the bread truck and they were all loaded with bread at the time, and when loaded it was about five and a half feet tall. It had three inch rubber wheels on an axle on the inside of the pipe. The axle of the wheel is about one and one-half inches from the floor. Ganss was six feet tall and the top of the bread truck came to his forehead. The bread trays that go into each of the ten racks are approximately three or three and a half feet long. Elizabeth Scheele was standing facing west at the counter and at

the time of the accident, the bread truck was headed south. Ganss had made several prior trips from his truck into the store that morning and had been working in this particular store for approximately 45 minutes. She was the only person at the meat counter at the time of the accident and the floor in the area where she went down was not wet or slippery. She was wearing flat heel shoes and new overshoes which had been purchased the day before the accident. The shoes had not been worn since the accident and were introduced in evidence as the plaintiff's exhibit. They had not been marred or scarred before this accident. At the time of the trial, it was pointed out by Mrs. Scheele to the jury the condition of the overshoe after the accident, at which time, quoting her, there was "a mark, a dent in there, just slightly cut." There were no persons within six or seven feet of her as there was, again quoting her, "nothing else around there except that bread truck." She did not faint and was conscious throughout the entire sequence of events. There were no eyewitnesses who saw the bread truck come into contact with her left foot.

■ On these facts defendants argue that plaintiff's case is based upon circumstantial evidence which did not meet the required standards of probative value since it did not exclude speculation, conjecture and guesswork, citing Osterhaus v. Gladstone Hotel Corp., Mo., 344 S.W.2d 91; Lindsay et al. v. Wille et al., Mo., 348 S.W. 2d 1; Berry v. Harmon, Mo., 323 S.W.2d 691; Bates v. Brown Shoe Co., 342 Mo. 411, 116 S.W.2d 31; 32A C.J.S. Evidence § 1039; and Schoen v. Plaza Express Co., Mo., 206 S.W.2d 536. In the case of Osterhaus v. Gladstone Hotel Corp., supra, 344 S.W.2d l. c. 94, which quoted from Hogue v. Wurdack, Mo.App., 298 S.W.2d 492, it was stated, "Of course, a finding essential to recovery may be proved by circumstantial evidence; but, our appellate courts have said repeatedly that, in civil cases, the shown circumstances must be such that the facts necessary to support the finding may be inferred and reasonably must follow, that the existence of such facts may not depend upon guesswork, conjecture and speculation, and that the evidence should have a tendency to exclude every reasonable conclusion other than the one desired. Although an inference need not be justified beyond all doubt and is not precluded by a mere possibility that the contrary may be true * * *, the law does not countenance the drawing of forced and violent inferences which do not arise from a reasonable interpretation of the facts actually shown". This is the rule of law that should be applied here. This is a correct statement of the law as it was also held in the other cases cited by the defendants in their brief.

■ In applying the law we must determine whether or not the jury could have found from the evidence and the reasonable inferences arising from it, that the defendant negligently struck her and caused her to fall and suffer injuries. In this case, Mrs. Scheele was standing still with no other person or thing near her. When she was struck she did not slip or faint and when her foot was hit and she twisted around, the bread truck was right in front of her. From the marring, scarring and cut on the overshoe it would follow that the overshoe had come in contact with some solid object. The only thing or object of this nature in the immediate area at the time she was struck was the bread truck. There is nothing in the evidence to show or from which to conclude that some other factor or human agency might have caused plaintiff to be hit and knocked down. Under the facts in this case, the jury could find that Mrs. Scheele was struck by the bread truck without indulging in guesswork, conjecture or speculation. We hold that plaintiffs have made a submissible case.

■ The forms of verdict given in this case bring about some inconsistencies when viewed and considered with the other instructions. The jury verdict which was returned in this case and which we pre-

sume followed the form of instruction submitted by the Court is as follows:

"We, the jury in the above-entitled cause, find the issues herein joined in favor of both defendants and against both plaintiffs on Count I and Count II of the petition."

In addition to this, the Court gave two other forms of verdict-directing instructions which are as follows:

"We, the jury in the above-entitled cause find the issues herein joined on the first count of the petition in favor of the plaintiff Elizabeth Scheele and against both defendants and we assess plaintiff's damages at the sum of $——— and we further find in favor of both defendants and against the plaintiff Arthur Scheele on Count II of the petition."

"We the jury in the above-entitled cause, find the issues herein joined on the first count of the petition in favor of the plaintiff Elizabeth Scheele and against both defendants and we assess said plaintiff's damages at the sum of $——— and we further find the issues joined on the second count of the petition in favor of the plaintiff Arthur Scheele and against both defendants, and we assess said plaintiff's damages at the sum of $———."

It would be difficult for a jury to understand and interpret these forms of verdict-directing instructions. The forms of verdict break down to the fact, when summarized, that two are given for money damages for Elizabeth Scheele, one is given for money damages for Arthur Scheele, one is given for defendants on Elizabeth Scheele's claim and two are given for defendants on Arthur Scheele's claim. The spirit of M.A.I. is that all instructions should be clear and concise which is the underlying purpose and reason for the adoption of M.A.I. Nugent v. Hamilton & Son, Inc., supra, 417 S.W.2d l. c. 941, "One of the main objectives of the reform movement which culminated in the MAI form book, with its specific directions for use, was to avoid the 'sheer volume of words' which it was recognized might in itself be confusing to a juror, by cutting the instructions to the bare essentials."

■ It is not necessary and it is surplusage to add "in the above-entitled cause," which is meaningless, and to also add after the word "issues," "herein joined." The use of the words "herein joined" would in this case be confusing in the minds of the jury since here we have two defendants who, if held to be liable, would be jointly liable and two separate causes of action by plaintiffs which are consolidated for trial. It is suggested that upon retrial of this case M.A.I. 32.07 forms of verdict be followed with a slight modification in regard to the defendants. M.A.I. 32.07 sets out the defendant in the singular and in the instant case the plural "defendants" should be used. Since plaintiff Elizabeth Scheele and plaintiff Arthur Scheele each has a separate cause of action there must be one verdict in regard to each cause of action, and by using M.A.I. 32.07 there should not be any confusion in the minds of the jury in their attempt to reach and return a verdict.

■ We also deem it necessary to call attention to the last paragraph of plaintiffs' Instruction number 7 which purports to follow M.A.I. 26.04. In this instruction, as given, the concluding word is "injury," and if M.A.I. is to be followed, the concluding word should have been "damage." See Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857. This should be corrected upon a retrial of the case.

■ Plaintiffs have also raised in their appeal the point that the Court erred in permitting counsel for defendant Ganss to argue to the jury that any judgment would be paid by him. The part of the argument with which we are concerned is as follows: "But, I think she has made a

pretty good recovery and my sympathy and concern in this case are with my client, Arthur Ganss, where he is being asked to pay money damages to ....." This was objected to as not proper argument and the objection was overruled by the Trial Court. Plaintiffs, in support of their contention in this regard, cite Conrad v. Twin Oaks, Inc., Mo.App., 344 S.W.2d 286, "A showing of no insurance under circumstances that make such a showing immaterial to any issue in the case is nothing more than a plea of poverty, and, as such, amounts to error, and ought not to be permitted." We cannot, however, agree with plaintiffs that the statement of counsel was a plea of poverty nor that it was improper. Ganss was a defendant and was being asked by the plaintiffs to pay money damages. Therefore, defendants' argument was a correct and proper statement. This point must be ruled against the plaintiffs.

For error in the giving of two converse instructions to each of the plaintiffs' verdict-directing instructions the judgment is reversed and the cause is remanded.

FINCH, P. J., and EAGER, J., concur.

DONNELLY, J., not sitting.