PLATTE COUNTY MEDICAL CENTER,
INC., Respondent,

v.

MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE, et al.,
Appellants.

No. WD 39090.

Missouri Court of Appeals,
Western District.

Aug. 11, 1987.

William L. Webster, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for appellants.

Lem T. Jones, Jr., S. Ruth Lehr, Jones & Lehr, P.C., Kansas City, and Jerry W. Venters, Bartlett, Venters, Pletz & Toppins, Jefferson City, for respondent.

Before KENNEDY, C.J., and MANFORD and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

This is an appeal by the Missouri Health Facilities Review Committee from a judgment declaring that Platte County Medical Center, Inc., was entitled to a Certificate of Need for an 80–bed hospital at Highway I–29 and Barry Road in Platte County. The ground of the judgment was that the Review Committee had not issued a decision on Medical Center's application therefor within 120 days from its filing, and that the Certificate of Need therefore issued as a matter of law. The statutory language which was held by the trial court to be controlling and to mandate the issuance of the Certificate of Need by operation of law is the following:

> Failure by the Committee to issue a written decision on an application for a certificate of need within the time required by this section shall constitute approval of and final administrative action on the application ...

197.330.2, RSMo Supp.1984.

Section 197.330.1(5) at the time of this case fixed the time within which the Committee is to act upon an application for a certificate of need at 90 days, with a permissible extension of as much as 30 days.[1]

It is agreed that the Review Committee did not act upon Medical Center's application within the period so limited, and has not yet acted upon it.

The Review Committee claims that its deferral of action on Medical Center's application was justified by the pendency of a prior application by the same applicant for a hospital at the same location, and that this factor took the second application out of the operation of the strict time limitation provision we have quoted above. The earlier application was for a larger hospital (102 beds, as opposed to the later application's 80 beds) which cost more ($23,000,000 as opposed to the later application's $16,000,000), and which did not provide for obstetrical services as the second application did.

---

1. The statute was later amended to allow 100 days, with a permissible extension of 30 days.

§ 197.330.1(5), RSMo 1986.

The earlier application had been denied by the Review Committee and was pending on Medical Center's appeal before the Administrative Hearing Commission, see § 197.-335, RSMo Supp.1984, when the second application was filed. The Review Committee advised Medical Center that it would process the second application if the appeal of the denial of the first application was dismissed, but Medical Center declined to dismiss that appeal.

In support of its position, the Review Committee calls upon the common law doctrine of abatement. It cites a large number of cases which follow various applications of a principle which, to borrow the apt language of appellant's brief, has "the goal of avoiding duplicative and potentially contradictory adjudications involving the same parties or subject matter". One such application has been briefly stated as follows: "Two actions for the same cause and between the same parties cannot be prosecuted in this state at the same time". *Libbe v. Libbe,* 157 Mo.App. 610, 138 S.W. 688, 689 (1911). This rule is codified in § 509.290.1(8), RSMo 1986, and in Supreme Court Rule 55.27(a)(10). Another aspect of the principle is known as the "prior jurisdiction" doctrine, illustrated as follows in *State ex rel. Sullivan v. Reynolds,* 209 Mo. 161, 107 S.W. 487, 493 (1907), where it is written:

Whenever a court of competent authority takes jurisdiction of a case, that fact must of necessity, and in the very nature of things, exclude the jurisdiction of all other courts over the same case, as well as all the incidents thereto, excepting only such courts as are given appellate and supervising control over them.

Yet another application of the principle is illustrated in *State ex rel. Dalton v. Reorganized District No. 11,* 307 S.W.2d 501, 504 (Mo. banc 1957), where the court said:

Relators rely upon the well established rule of law referred to as the doctrine of "prior jurisdiction". As for example, where under different statutes vesting jurisdiction in different persons or authorities, the same territory is subject to formation into a new municipality or to annexation to an existing municipality, the jurisdiction first invoked becomes exclusive and the proceedings may be carried on to a final termination.

To transport the doctrine of abatement or its related doctrines from their native habitat to the present case would be a novel application of the doctrines, especially in the face of the starkly unequivocal language of the statute. The Review Committee has cited us to no case, nor have we located any which has applied the doctrine in any case or proceeding like the present one. Nor do we find the practical difficulties involved in the pendency of the two applications so compelling as the Review Committee argues. The "case" presented by the second application is different from that of the first application in material respects. The first application might be denied on the ground of unneeded capacity, but the scaled-down second application granted. It would indeed be awkward if both were granted, but this is not a realistic concern. Neither the Review Committee nor the Administrative Hearing Commission will be oblivious to actions of the other, or to applications pending before the other.

There is always a possibility that pending applications for certificates of need will have a bearing upon each other. Applications could be pending, either before the Review Committee, or upon appeal before the Administrative Hearing Commission or before the courts, by the same applicant or others, the outcome of which could have an important bearing upon other applications pending before the Review Committee. Presumably the Legislature foresaw this obvious fact when it adopted the statutory provision we have before us, but it made no special provision therefor. Each application must therefore be acted upon by the Review Committee within the time limited, or else the application is granted by operation of law.

The judgment of the trial court is affirmed.

All concur.